Filed 2/9/22  P. v. Lopez CA4/1
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D079521 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE252974) |
| ARMANDO LOPEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Roderick W. Shelton, Judge.  Affirmed.

David L. Polsky, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2006, a jury convicted Armando Lopez of one count of carjacking (Pen. Code,[1] § 215, subd. (a)); being a felon in possession of a firearm (§ 12021, subd. (a)(1)); and two counts of assault with a firearm (§ 245, subd. (a)(2)).  The jury found true allegations that Lopez used a firearm

---

[1]    All further statutory references are to the Penal Code.

(§§ 12022.5, subd. (a), 12022.53, subd. (b)) and that Lopez personally discharged a firearm during the carjacking (§ 12022.53, subd. (c)).

Lopez admitted a serious felony prior conviction (§ 667, subd. (a)(1)), a prison prior (§ 667.5, subd. (b)), and a strike prior (§ 667, subds. (b)-(i)). Lopez was sentenced as a second strike offender to a term of 39 years eight months in prison.

In 2021, Lopez filed a motion to order a hearing under *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin* hearing) to make a record for potential consideration of youth offender parole. Lopez also requested the court to strike the firearm enhancements under the new discretionary authority of Senate Bill No. 620.

The court denied the motions by written order. The court found that Lopez was not eligible for youth offender parole because he was sentenced under the Three Strikes law. Thus, the court found that a "*Franklin* hearing" to make a record for future parole consideration was not appropriate. The court also found Senate Bill No. 620 did not apply retroactively to Lopez's sentence because his conviction was final years before Senate Bill No. 620 was enacted.

Lopez filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We offered Lopez the opportunity to file his own brief on appeal, but he has not responded.[2]

---

[2]    The facts of the underlying offenses are not relevant to this appeal. Therefore, we will omit a statement of facts.

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified possible issues that were considered in evaluating the potential merits of this appeal: Whether the trial court erred in denying the request for a *Franklin* hearing and in denying the motion to strike the firearm enhancements. In addition, counsel considered what procedures the appellate court should use in response to this appeal.[3]

We have reviewed the entire record for error as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Lopez on this appeal.

---

[3] We presume counsel is referring to the question of whether *Wende* review is appropriate for appeals from postjudgment orders.

DISPOSITION

The order denying Lopez's motions for a *Franklin* hearing and to strike the firearm enhancements is affirmed.

                                                            HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


O'ROURKE, J.